**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| Sharon Funderburk and<br>Thomas Funderburk,<br><br>               Plaintiffs,<br>v.<br><br>South Carolina Electric & Gas<br>Company,<br>               Defendant. | )<br>)<br>)   Civil Case No. 3:15-4660-JMC<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## Notice of Removal

Pursuant to 16 U.S.C.A. § 825p and 28 U.S.C.A. §§ 1331, 1367, 1441, and 1446, South Carolina Electric & Gas Company (SCE&G) removes this action from the Court of Common Pleas for Lexington County, South Carolina, to the United States District Court for the District of South Carolina, Columbia Division. In support of removal, SCE&G states the following:

### Procedural Background

1.    This case was originally filed by the above-named Plaintiffs in the Court of Common Pleas for Lexington County, South Carolina, on October 20, 2015.

2.    SCE&G was served with process on October 23, 2015, through delivery of the Summons and Complaint to its registered agent for service of process in South Carolina.

3.    In accordance with 28 U.S.C.A. § 1446(a), a copy of all process, pleadings, and orders received by SCE&G are attached as Exhibit A.

### This Court Has Original and Exclusive Jurisdiction

4.    This case is a civil action involving claims against SCE&G over which this Court has exclusive jurisdiction under 16 U.S.C.A. § 825p as well as original jurisdiction under 28 U.S.C.A. § 1331 in that it arises under the Federal Power Act, 16 U.S.C.A. § 791a, *et seq*. (FPA),

1

and is one which may be removed to this Court by SCE&G pursuant to the provisions of 28 U.S.C.A. § 1441(a).

5. 16 U.S.C.A. § 825p states as follows:

> The District Courts of the United States, and the United States courts of any Territory or other place subject to the jurisdiction of the United States shall have exclusive jurisdiction of violations of [the FPA] or the rules, regulations, and orders thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by, or to enjoin any violation of, [the FPA] or any rule, regulation, or order thereunder.

6. 28 U.S.C.A. § 1331 authorizes the federal district courts to hear civil actions "arising under the Constitution, laws or treaties of the United States."

7. 28 U.S.C.A. § 1441(a) authorizes removal of "any civil action brought in a State court of which the districts courts of the United States have original jurisdiction."

8. Plaintiffs allege SCE&G is a public utility corporation that "operates Lake Murray and its affiliated dams under a license and pursuant to governmental regulations" and that "generates hydroelectric power through a large body of water known as Lake Murray." Compl. ¶¶2, 4-6.

9. Plaintiffs further allege that SCE&G "is charged with the responsibility of lake management and has the responsibility to provide control of the lake so as to benefit the general public as well as [SCE&G]'s customers." Compl. ¶7.

10. The Saluda Hydroelectric Project, otherwise known as Lake Murray, is licensed by the Federal Energy Regulatory Commission (FERC) as Project 516 (FERC Project 516). SCE&G is the licensee of FERC Project 516. *South Carolina Electric & Gas Co.*, 27 FERC ¶ 61,332 (June 1, 1984) (incorporating *The Standardized Conditions for Inclusion in Preliminary*

*Permits & Licenses Issued Under Part I of the FPA*, 54 F.P.C. 1792 (Oct. 31, 1975)).[1] FERC Project 516 is a hydro-generating facility that uses the waters of Lake Murray to generate electricity.

11.     By virtue of the FPA, FERC is vested with broad and exclusive jurisdiction to regulate FERC Project 516. *See* 16 U.S.C.A. § 791a, *et seq.*; *California v. FERC*, 495 U.S. 490, 496 (1990) (holding that the FPA manifests "a broad federal role in the development and licensing of hydroelectric power").

12.     FERC is authorized to issue licenses for "the purpose of constructing, operating, and maintaining" projects "necessary or convenient … for the development, transmission, and utilization of power across, along, from, or in any of the streams or other bodies of water over which Congress has jurisdiction." 16 U.S.C.A. § 797(e).

13.     FERC prescribes rules and regulations governing licensed projects for the protection of "life, health, [and] property." *See* 18 C.F.R. § 12.1-12.44 ("Safety of Water Power Projects and Project Works"). Pertinent to Plaintiffs' claims, these regulations require licensees to operate projects in accordance with an Emergency Action Plan approved by FERC, which defines the responsibilities and procedures for project emergency situations. *See id.*

14.     SCE&G's current FERC license was issued for "the continued operation and maintenance of" FERC Project 516 and provides that the license "is subject to the terms and conditions of the [FPA], which is incorporated by reference as part of [the] license, and subject to the regulations [FERC] issues under the provisions of the [FPA]." *South Carolina Electric & Gas Co.*, 27 FERC ¶ 61,332.

---

[1] FERC Project 516 first was licensed on August 5, 1927, and has been operated under a federal license since that date. *See South Carolina Electric & Gas Co.*, 27 FERC ¶ 61,332.

15. SCE&G's FERC license also provides as follows:

> The operations of the Licensee, so far as they affect the use, storage and discharge from storage of waters affected by the license, shall at all times be controlled by such reasonable rules and regulations as [FERC] may prescribe for the protection of life, health, and property, and in the interest of the fullest practicable conservation and utilization of such waters for power purposes and for other beneficial public uses, including recreational purposes, and the Licensee shall release water from the project reservoir at such rate in cubic feet per second, or such volume in acre-feet per specified period of time, as [FERC] may prescribe for the purposes hereinbefore mentioned.

*Id.*

16. SCE&G is authorized to operate Lake Murray up to a maximum pool elevation of 360.0 feet mean sea level (m.s.l.). *Id*. Since at least 1945, SCE&G has been directed to act as follows with respect to the levels of Lake Murray:

> The Licensee shall operate the spillway at Saluda Dam, in accordance with accepted operating practices, up to its full controllable capacity, so that the water surface elevation shall not exceed 360 feet. In case the water surface elevation exceeds 360 feet, the Licensee shall continue to utilize the full controllable capacity of the spillway until the water surface elevation has receded to 360 feet.

Federal Power Commission Order Authorizing Amendment of License (Oct. 31, 1945); *see also South Carolina Electric & Gas Co*., 8 F.P.C. 1144 (Sept. 21, 1949) (Federal Power Commission order denying SCE&G request to amend project license to raise the maximum normal water surface elevation of Lake Murray above 360 feet m.s.l.); Compl. ¶10.

17. Therefore, as alleged by Plaintiffs, FERC Project 516 and any uses of the FERC Project 516 waters are controlled by the FPA and FERC regulations. *See* Compl. ¶6.

18. Plaintiffs allege that SCE&G did not properly "maintain water levels," "check water levels," "lower water levels in the face of impending rain," "maintain the lake," "manage the lake," "comply with applicable regulations," "comply with generally accepted lake management standard[s]," or warn individuals; that it "open[ed]three flood gates at one time

4

when such opening was not or would have not been necessary if proper management practices had been followed"; and that SCE&G "overact[ed] once it learned it had not properly managed the lake." Compl. ¶25(a)-(k).

19. Although couched in terms of negligence and recklessness, inverse condemnation, trespass, and strict liability, these allegations all involve and directly challenge SCE&G's compliance with the terms of the FERC Project 516 license, the FPA, and FERC rules, regulations, and orders.

20. This Court's jurisdiction under 16 U.S.C.A. § 825p therefore is invoked because Plaintiffs' have brought an "action at law brought to enforce any liability or duty created by ... this chapter or any rule, regulation, or order thereunder."

21. Moreover, this Court's jurisdiction under 28 U.S.C.A. § 1331 is invoked because Plaintiffs' claims involve substantial questions of federal law that necessarily arise under federal law.

22. Accordingly, this Court has not only original but also exclusive jurisdiction over this action.

## This Court Has Supplemental Jurisdiction

23. To the extent the Complaint separately alleges statutory, state common law, or other nonfederal claims, this Court has supplemental jurisdiction over any such claims pursuant to 28 U.S.C.A. § 1367 because those claims arise out of the same operative facts as Plaintiffs' claims arising under the FPA and therefore "form part of the same case and controversy under Article III of the United States Constitution."

**Compliance with Removal Procedure**

24. The removal of this action to this Court is timely under 28 U.S.C.A. § 1446(b) because this Notice of Removal is filed within 30 days after SCE&G first received a copy of the Summons and Complaint in this action.

25. As required by 28 U.S.C.A. § 1446(d), SCE&G is serving a copy of this Notice of Removal on counsel for Plaintiffs and is filing a copy of this Notice of Removal with the Clerk of Court for Lexington County, South Carolina.

26. The United States District Court for the District of South Carolina, Columbia Division are the "district and division embracing the place where such action is pending." 28 U.S.C.A. § 1441(a).

27. Accordingly, SCE&G has satisfied all the removal prerequisites of 28 U.S.C.A. § 1446.

**Preservation of Defenses**

28. By filing this Notice of Removal, SCE&G does not waive any defense which may be available to it.

**Conclusion and Signature Block on Following Page**

**Conclusion**

For these reasons, SCE&G respectfully requests that this case proceed as an action removed to the United States District Court for the District of South Carolina, Columbia Division.

Respectfully submitted,

s/Tracey C. Green
Mitchell Willoughby, Fed. Bar No. 4702
Tracey C. Green, Fed. Bar No. 6644
ElizabethAnn Carroll, Fed. Bar No. 6246
**WILLOUGHBY & HOEFER, P.A.**
930 Richland Street
Post Office Box 8416
Columbia, South Carolina 29202-8416
803-252-3300
mwilloughby@willoughbyhoefer.com
tgreen@willoughbyhoefer.com
ecarroll@willoughbyhoefer.com

*Attorneys for South Carolina Electric & Gas Company*

Columbia, South Carolina
November 19, 2015