# EXHIBIT A



S. Jahue Moore†
J. Mark Taylor*
C. Vance Stricklin, Jr.
James Edward Bradley†
Sheila McNair Robinson
Christian G. Spradley
C. David Sawyer, Jr.
William H. Edwards
Stanley L. Myers
Jane H. Downey♦
S. Jahue Moore, Jr.
John C. Bradley, Jr.
Melissa K. Moore
William B. Fortino
Ralph Nichols Riley, Jr.
Amber Cary Fulmer
Sarah Taylor Cassidy
Gregory R. Close
----------------------
Robert D. Hazel
OF COUNSEL
Billy C. Coleman
RETIRED

October 21, 2015

Corporation Service Company
1703 Laurel Street
Columbia, SC 29201

RE:   Sharon Funderburk and Thomas Funderburk v. South Carolina Electric and Gas
      C.A. No.: 2015-CP-32-03607

Gentlemen:

  This letter is to inform you that this law firm represents Sharon Funderburk and Thomas Funderburk with regard to the above matter. Enclosed is a copy of the **CIVIL ACTION COVERSHEET, SUMMONS and COMPLAINT** in the above matter which is herewith served upon you as registered agent of service for the Defendant, South Carolina Electric and Gas, pursuant to Rule 4(d)(8) of the South Carolina Rules of Civil Procedure.

  Please place the **CIVIL ACTION COVERSHEET, SUMMONS and COMPLAINT** in the hands of your attorneys in order that you may have a timely response served.

              Yours very truly,

              S. Jahue Moore

SJM:dc
Enclosures
<u>CERTIFIED - RETURN RECEIPT REQUESTED</u>
<u>RESTRICTED DELIVERY</u>

1700 Sunset Boulevard, West Columbia SC 29169 | PO Box 5709, West Columbia SC 29171
TEL 803.796.9160   FAX 803.791.8410   www.mooretaylorlaw.com

†Member of American Board of Trial Advocates    *Fellow of the American Academy of Matrimonial Lawyers    ♦Certified Specialist in Bankruptcy & Debtor/Creditor Law

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF LEXINGTON    **FILED** | ) | **COPY** |
| | ) | |
| Sharon Funderburk and Thomas Funderburk 2015 OCT 20 AM 10:37 | ) | CIVIL ACTION COVERSHEET |
| Plaintiff(s) | ) | JM |
| | ) | -CP - - |
| vs.   SETH A. CARRIGG CLERK OF COURT LEXINGTON | ) | |
| | ) | 2015CP3203607 |
| South Carolina Electric and Gas, | ) | |
| Defendant(s) | ) | |

| Submitted By: | S. Jahue Moore | SC Bar #: | 4063 |
|---|---|---|---|
| Address: | P.O. Box 5706 | Telephone #: | 803-796-9160 |
| | West Columbia, SC 29171 | Fax #: | 803-791-8410 |
| | | Other: | |
| | | E-mail: | jake@mttlaw.com |

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)
*If Action is Judgment/Settlement do not complete*

☒ **JURY TRIAL** demanded in complaint.     ☐ **NON-JURY TRIAL** demanded in complaint.
☐ This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☐ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☐ General (130) | Previous Notice of Intent Case # | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☐ Breach of Contract (140) | 20___-NI-_____ | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | ☐ Notice/ File Med Mal (230) | ☐ Personal Injury (350) | ☐ Possession (450) |
| | ☐ Other (299) | ☐ Wrongful Death (360) | ☐ Building Code Violation (460) |
| | | ☐ Other (399) | ☒ Other (499) |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Public Service Comm. (990) |

| Special/Complex /Other | | | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |
|---|---|---|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | | ☐ Petition for Workers Compensation Settlement Approval (780) | |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | | | ☐ Other (999) |
| ☐ Medical (620) | ☐ Out-of State Depositions (650) | | ☐ Other (799) | |
| ☐ Other (699) | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | | | |
| | ☐ Sexual Predator (510) | | | |

**Submitting Party Signature:** _[signature]_                                                            **Date:** October 19, 2015

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SCCA / 234 (10/2014)                                                                                                                      Page 1 of 2

**FOR MANDATED ADR COUNTIES ONLY**

Aiken, Allendale, Anderson, Bamberg, Barnwell, Beaufort, Berkeley, Calhoun, Charleston, Cherokee, Clarendon, Colleton, Darlington, Dorchester, Florence, Georgetown, Greenville, Hampton, Horry, Jasper, Kershaw, Lee, Lexington, Marion, Oconee, Orangeburg, Pickens, Richland, Spartanburg, Sumter, Union, Williamsburg, and York

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**    2015CP3203607

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Requests for temporary relief;

    c. Appeals

    d. Post Conviction relief matters;

    e. Contempt of Court proceedings;

    f. Forfeiture proceedings brought by governmental entities;

    g. Mortgage foreclosures; and

    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:**    **You must comply with the Supreme Court Rules regarding ADR.**
**Failure to do so may affect your case or may result in sanctions.**

FILED

STATE OF SOUTH CAROLINA  ) IN THE COURT OF COMMON PLEAS
2015 OCT 20 AM 10:37
COUNTY OF LEXINGTON  )

ETH A. CARRIGG
CLERK OF COURT
LEXINGTON SC

Sharon Funderburk and ) C.A. No.:
Thomas Funderburk, )
) 2015CP3203607
) 
Plaintiffs, )
)
vs. ) **SUMMONS**
) (Jury Trial)
South Carolina Electric and Gas, ) (Negligence and Inverse Condemnation)
)
Defendant )

TO THE DEFENDANT ABOVE-NAMED:

YOU ARE HEREBY SUMMONED AND REQUIRED to answer the Complaint in this matter, a copy of which is herewith served upon you, and to serve a copy of your ANSWER to said Complaint upon the subscriber at his office, 1700 Sunset Boulevard, P.O. Box 5709, West Columbia, South Carolina, 29171, within THIRTY (30) days from the service thereof, exclusive of the day of such service; and if you fail to answer the COMPLAINT within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.

                                                             MOORE TAYLOR LAW FIRM, P.A.

                                                             BY: _____
                                                             S. Jahue Moore
                                                             1700 Sunset Boulevard
                                                            P.O. Box 5709
                                                            West Columbia, SC 29171
                                                           (803) 796-9160

                                                            ATTORNEY FOR PLAINTIFFS

West Columbia, South Carolina
October 19, 2015

FILED

STATE OF SOUTH CAROLINA     )     IN THE COURT OF COMMON PLEAS
                             )
COUNTY OF LEXINGTON          )

Sharon Funderburk and         )     C.A. No.:
Thomas Funderburk,            )
                              )     2015CP3203607
         Plaintiffs,          )
                              )
    vs.                       )     COMPLAINT
                              )
South Carolina Electric and Gas, )
                              )
         Defendant.           )
_____)

Plaintiffs above-named Complaining of the Defendant herein allege that:

FOR A FIRST CAUSE OF ACTION

1.    Plaintiffs are residents and citizens of Lexington County, South Carolina.

2.    The Defendant is a South Carolina corporation and does business in Lexington County, South Carolina.

3.    Defendant has offices for the transaction of its business located in Lexington County, South Carolina and the subject of this action is located in Lexington County, South Carolina.

4.    The Defendant is a public utility and generates electric power which it sells to the general public.

5.    As part of its electrical business, the Defendant generates hydroelectric power through a large body of water known as Lake Murray.

6.    The Defendant operates Lake Murray and its affiliated dams under a license and pursuant to governmental regulations.

1

7. Defendant is charged with the responsibility of lake management and has the responsibility to provide control of the lake so as to benefit the general public as well as the Defendant's customers.

8. The Defendant has the power of eminent domain and condemnation which it is allowed to utilize pursuant to its electric power generating business.

9. In September of 2015, the Plaintiffs purchased a home located on Wilton Hill Road in the Coldstream subdivision. Plaintiff placed their furniture and vehicles on their property and occupied the home as their primary residence.

10. In October of 2015, the Defendant maintained Lake Murray at a very high level which was almost "full pool". Lake levels were at approximately 359 feet of elevation when full pool is 360 feet of elevation.

11. In October of 2015, weather forecasts predicted historic levels of rain for the Midlands of South Carolina. Weather prognosticators indicated the rain event would be at historic levels and that precautions should be taken by residents and businesses in the area.

12. Notwithstanding the warning which were known or should have been known by the Defendant, lake levels were maintained at extraordinarily high levels and little or nothing was done to bring down the level of the lake in anticipation of high water levels.

13. In October of 2015, it did begin to rain in the Midlands of South Carolina and in areas above Lake Murray. Notwithstanding the rain, the Defendant did little or nothing to bring down the levels.

14. As the rain continued, the flood gates of Lake Greenwood were opened and still the Defendant did nothing.

15. Eventually, the water levels rose so fast and so strong the Defendant recognized water needed to be taken out of Lake Murray.

16. Instead of opening one or two flood gates, the Defendant opened three flood gates which had not been done since the year 1939.

17. In opening three flood gates, the Defendant knew or should have known the volume of water being released was such as it was reasonably anticipated that the Coldstream subdivision and other areas would sustain major flooding.

18. When the flood gates were opened, the Defendant did little or nothing to warn downstream residents of the flood the Defendant was creating.

19. The rain itself if allowed to flow freely and not being subject to a dam would have followed the riverbed in a normal fashion and would not have flooded the Plaintiffs' home or the homes lying the Coldstream subdivision.

20. What actually caused the flood was the impounding of large amounts of water and the opening of three flood gates which diverted huge amounts of water in a concentrated fashion. The water was directed directly towards the Plaintiffs' home as well as the home of the Plaintiffs' neighbors.

21. As a direct and proximate result of the opening of three flood gates, there was a rapid rise in water levels downstream and Plaintiffs' home flooded resulting in a complete destruction of their home and their personal property.

22. Additionally, the opening of the flood gates created such a concentrated amount of flood water that the Plaintiffs were in fear for their lives and were placed in great peril.

23. The opening of the flood gates combined with the lack of warning created an emergency situation and gave the Plaintiffs no time at all to remove themselves or their personal property from the endangered home.

24. The flood waters created by the opening of all three flood gates ripped through the Plaintiffs' home and property causing a destruction of the real estate and causing a destruction of almost all of the Plaintiffs' personal property. Plaintiffs were rendered homeless following the unnecessary deluge created by the Defendant.

25. The Defendant was negligent and reckless in one or more of the following particulars:

  a. in failing to properly maintain water levels;

  b. in failing to properly check water levels;

  c. in failing to properly lower water levels in the face of impending rain;

  d. in failing to warn;

  e. in failing to properly maintain the lake;

  f. in failing to properly manage the lake;

  g. in failing to properly anticipate water levels;

  h. in failing to comply with applicable regulations;

  i. in failing to comply with generally accepted lake management standard;

  j. in opening three flood gates at one time when such opening was not or would have not been necessary if proper management practices had been followed; and

  k. in overacting once Defendant learned it had not properly managed the lake.

All of which were a direct and proximate cause of the injuries or damages sustained by the Plaintiffs.

26. As a direct and proximate result of the aforementioned acts of negligence and recklessness on the part of the Defendant, the Plaintiffs' home and property have been destroyed; the Plaintiffs' property has been severely devalued; the Plaintiffs' property has been permanently stigmatized; the Plaintiffs have had to move and have incurred additional living expenses; the Plaintiffs have suffered great shock and emotion distress; the Plaintiffs have been placed in fear for their lives; the Plaintiffs' lives have been totally disrupted; the Plaintiffs will have to expend large sums of money to repair and replace their personal property and vehicles; and the Plaintiffs have been otherwise damaged all to their damage both actual and punitive.

27. Plaintiffs are entitled to judgment against the Defendant for actual and punitive damages.

## FOR A SECOND CAUSE OF ACTION

28. Plaintiffs hereby reassert and reallege each and every allegation set forth above as fully as if set forth verbatim.

29. Once the Defendant realized it had created an emergency condition by not having acted in anticipation of high water levels, the Defendant made a decision to open all three flood gates knowing it would destroy property of third persons.

30. The Defendant does not have an easement to flood the Plaintiffs' property and the actions taken by the Defendant to open all three flood gates were taken knowing the consequences which would follow.

31. The Defendant decided to destroy the property of the Plaintiffs and their neighbors and intentionally opened all three flood gates understanding the havoc which would be created by such opening.

32. The Defendant has inversely condemned the Plaintiffs' property.

33. Pursuant to the Eminent Domain laws of the State of South Carolina, Plaintiffs are entitled to their actual damages plus attorney's fees and costs.

34. As a direct and proximate result of the aforementioned inverse condemnation, the Plaintiffs have sustained the damages set forth above and Plaintiffs are entitled to actual damages plus attorney's fees and costs.

FOR A THIRD CAUSE OF ACTION

35. Plaintiffs hereby reassert and reallege each and every allegation set forth above as fully as if set forth verbatim.

36. Under South Carolina law, water is a common enemy. The Defendant certainly had every right to treat water as a common enemy. Defendant did not have a right to concentrate water and to direct it in a concentrated fashion towards others.

37. By operating the waters of Lake Murray, the Defendant has created a dam wherein water has been concentrated.

38. By opening all three flood gates, the Defendant has intentionally directed water in great quantity and with great force towards the property of the Plaintiffs and towards the property of Plaintiffs' neighbors.

39. The concentrating and diversion of water in great quantities has violated the Plaintiffs' property rights. The Defendant did not have the right to direct water in great concentration onto Plaintiffs' property as it did.

40. The conduct complained of herein amounts to a violation of the Plaintiffs' property rights and amounts to a trespass.

41. The conduct complained of herein has been intentional. The Defendant has intentionally directed flood waters onto the property of the Plaintiffs' home and the Defendant has caused the injuries or damages complained of herein.

42. Plaintiffs are entitled to actual and punitive damages.

## FOR A FOURTH CAUSE OF ACTION

43. Plaintiffs hereby reassert and reallege each and every allegation set forth above as fully as if set forth verbatim.

44. The Defendant is responsible for maintaining and operating one of the largest earthen dams in the United States of America.

45. As the operator and owner of the Lake Murray dam, the Defendant is strictly liable for any and all injuries caused by the dam for the Defendant's operation of the dam.

46. The Plaintiff has sustained the damages set forth above.

47. The Defendant is strictly liable for the damages complained of herein.

WHEREFORE, Plaintiffs pray for judgment against the Defendant for actual damages; for punitive damages; for attorney's fees and costs; and for such other and further relief as this Court might deem just and proper.

MOORE TAYLOR LAW FIRM, P.A.

BY:_____
S. Jahue Moore
1700 Sunset Boulevard
P. O. Box 5709
West Columbia, SC 29171
(803) 796-9160

ATTORNEY FOR THE PLAINTIFFS

West Columbia, South Carolina
October 19, 2015

7

**CERTIFIED MAIL**

**MOORE | TAYLOR**
LAW FIRM

PO Box 5709, West Columbia SC 29171
1700 Sunset Boulevard, West Columbia SC 29169

7013 1090 0000 8934 7488




02 1M  $07.17⁵
0004275741  OCT 22 2015
MAILED FROM ZIP CODE 29169

Corporation Service Company
1703 Laurel Street
Columbia, SC 29201