# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Sharon Funderburk and<br>Thomas Funderburk, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> South Carolina Electric & Gas Company, ) <br> ) <br> Defendant. ) <br>_____ ) | Civil Action No. 3:15-cv-04660-JMC <br><br> **ORDER** |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Lucas J. Snyder and Lesley M. Snyder, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> SCE&G and the County of Lexington, SC, ) <br> ) <br> Defendants. ) <br>_____ ) | Civil Action No. 3:15-cv-04926-JMC <br><br> **ORDER** |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Ann Dennis, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> South Carolina Electric & Gas Company and ) <br> CSX Transportation, Inc., ) <br> ) <br> Defendants. ) <br>_____ ) | Civil Action No. 3:16-cv-01142-JMC <br><br> **ORDER** |

This matter is before the court pursuant to Defendant South Carolina Electric & Gas

Company's ("SCE&G") Motion to Consolidate Solely for Purposes of Discovery and Pretrial Motions requesting consolidation of all cases "before this Court against SCE&G with respect to the 1,000 year probability rainstorm event that occurred in October 2015 (the 'Flood Cases')." Funderburk v. SCE&G, C/A No. 3:15-cv-04660-JMC, ECF No. 20 at 1 (D.S.C. May 19, 2016); Snyder v. SCE&G, C/A No. 3:15-cv-04926-JMC, ECF No. 17 at 1 (D.S.C. May 19, 2016); Dennis v. SCE&G, C/A No. 3:16-cv-01142-JMC, ECF No. 8 at 1 (D.S.C. May 19, 2016).  In its Motion, SCE&G asserts that the Flood Cases[1] should be consolidated pursuant to Federal Rule of Civil Procedure 42 for purposes of "conducting discovery and filing and presenting argument on pre-trial motions" because (1) the cases involve common questions of law and fact and (2) consolidation "will reduce costs, enhance efficiency, lower the burden of litigation, and further administrative convenience for the Court, the witnesses, and the parties, and will do so without

---

[1] The 26 Flood Cases are identified as follows:

Sharon Funderburk and Thomas Funderburk v. SCE&G, C/A No. 3:15-cv-04660-JMC; John P. Cantwell v. SCE&G, C/A No. 3:15-cv-04694-JMC; Robert Sherr and Kristi Sherr v. SCE&G, C/A No. 3:15-cv-04695-JMC; Harry Crosby v. SCE&G, C/A No. 3:15-cv-4877-JMC; Leonard Anderson and Karen Anderson v. SCE&G, C/A No. 3:15-cv-04887-JMC; Carol Bausinger and Scott Bausinger v. SCE&G, C/A No. 3:15-cv-04888-JMC; Christina Boris and Glenn Boris v. SCE&G, C/A No. 3:15-cv-04889-JMC; Adair Long, Tony Long, and Marion Christopher Long v. SCE&G, C/A No. 3:15-cv-04890-JMC; Will Markham v. SCE&G, C/A No. 3:15-cv-04891-JMC; Richard Miranda and Dorothy Miranda v. SCE&G, C/A No. 3:15-cv-04892-JMC; Calvin Nesbit and Jane Nesbit v. SCE&G, C/A No. 3:15- cv-04893-JMC; Harry A. Plexico, Jr. and Margaret S. Plexico v. SCE&G, C/A No. 3:15-cv-04894-JMC; Jim Reilly and Rachael Reilly v. SCE&G, C/A No. 3:15-cv-04895-JMC; John E. Retz v. SCE&G, C/A No. 3:15-cv-04923-JMC; Carlo J. Siegfried v. SCE&G, C/A No. 3:15-cv-04896-JMC; Faron Warwick and Dana Warwick v. SCE&G, C/A No. 3:15-cv-04897-JMC; Jeanne West v. SCE&G, C/A No. 3:15-cv-04898-JMC; Chris Williams and Catherine Williams v. SCE&G, C/A No. 3:15-cv-04899-JMC; Warren Boyeson and Christine M. Boyeson v. SCE&G, C/A No. 3:15-cv-04920-JMC; Karl Hagenmeyer and Willette Hagenmeyer v. SCE&G, C/A No. No. 3:15-cv-04922-JMC; Jesse L. Soles v. SCE&G, C/A No. 3:15-cv-04924-JMC; Lucas J. Snyder and Lesley M. Snyder v. SCE&G and County of Lexington, SC, C/A 3:15-cv-04926-JMC; Richard Green v. SCE&G and CSX Transportation, Inc., C/A No. 3:16-cv-01143-JMC; Ann Dennis v. SCE&G and CSX Transportation, Inc., C/A No. 3:16-cv-01142-JMC; Anthony Melton v. SCE&G, C/A No. 3:16-cv-01144-JMC; and Demario Benjamin and Kerochedia Amaker v. SCE&G and CSX Transportation, Inc., C/A No. 3:16-cv-01141-JMC.

prejudicing any party's rights." Funderburk, ECF No. 20 at 1; Snyder, ECF No. 17 at 1; Dennis, ECF No. 8 at 1. The only opposition to SCE&G's Motion to Consolidate is presented by CSX Transportation, Inc., SCE&G's co-Defendant in 3 of the Flood Cases.[2]

## I. LEGAL STANDARD AND ANALYSIS

Rule 42(a) of the Federal Rules of Civil Procedure provides that where actions involve a common question of law or fact, the court may "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "District courts have broad discretion under F[ed]. R. Civ. P. 42(a) to consolidate causes pending in the same district." A/S J. Ludwig Mowinckles Rederi v. Tidewater Constr. Corp., 559 F.2d 928, 933 (4th Cir. 1977) (citation omitted). "[C]onsolidation is appropriate when to do so will 'foster clarity, efficiency and the avoidance of confusion and prejudice.'" Workman v. Nationwide Mut. Ins. Co., C/A Nos. 4:12-cv-02567-JMC, 4:11-cv-01734-JMC, 2013 WL 2285937, at *3 (D.S.C. May 23, 2013) (citation omitted).

In support of its Motion, SCE&G offered the following statements to demonstrate the existence of common questions of both law and fact:

> Each of the Flood Cases alleges claims arising out of SCE&G's operation of some of the Lake Murray spillway gates during the 1,000-year probability rainfall event in October 2015. Because the claims and allegations in each of the Flood Cases challenge SCE&G's actions as part of this "same series of events," . . . , the Flood Cases have a common factual basis that will involve developing through discovery the same testimonial and documentary evidence from the same SCE&G witnesses and sources to establish the same factual predicate: SCE&G's operation of the Saluda Hydro Project during the October rainfall event.

---

[2] Demario Benjamin and Kerochedia Amaker v. SCE&G and CSX Transportation, Inc., C/A No. 3:16-cv-01141-JMC; Ann Dennis v. SCE&G and CSX Transportation, Inc., C/A No. 3:16-cv-01142-JMC; Richard Green v. SCE&G and CSX Transportation, Inc., C/A No. 3:16-cv-01143-JMC.

> . . .
>
> All of the 26 complaints filed in the Flood Cases allege claims against SCE&G based on legal theories of negligence, trespass, and strict liability. The negligence claim in each of these cases requires a determination of federal issues "as the source for the duty of care resulting from SCE&G's operation and management of water levels at the Lake Murray Dam." . . . Therefore, the Flood Cases present a common question of federal law with respect to the alleged source of a duty of care imposed on SCE&G.

Funderburk, ECF No. 20-1 at 4–5; Snyder, ECF No. 17-1 at 4–5; Dennis, ECF No. 8-1 at 4–5.

In opposing the Motion to Consolidate, CSX mainly argues that the Flood Cases are not all the same because the property of Plaintiffs in its 3 Flood Cases "necessarily possess[] unique characteristics, such as property value and pre-flood condition, as well as geographical variables such as elevation, proximity to watercourses, and the like, which may be relevant to both liability and damages analyses."  Dennis, ECF No. 12 at 4 (D.S.C. May 31, 2016).  CSX also argues that consolidating the 26 Flood Cases will multiply its "discovery efforts and costs . . . despite involvement in only three pending cases."  (Id. at 2.)

After considering the parties' respective positions, the court is persuaded that the Flood Cases should be consolidated because they involve common questions of law and fact.  In this regard, the court is unable to conclude that prejudice will result from the consolidation.[3]  In the alternative, the court finds any potential prejudice does not outweigh the benefit of judicial economy provided by consolidation.

## II.     CONCLUSION

For the foregoing reasons, the court **GRANTS** SCE&G's Motion to Consolidate Solely for Purposes of Discovery and Pretrial Motions.  Funderburk v. SCE&G, C/A No. 3:15-cv-

---

[3] The court considered CSX's argument that consolidation would multiply its discovery efforts and costs.  However, the court believes that counsel for CSX can capably navigate discovery in these consolidated cases without subjecting CSX to unnecessary litigation expense.

4

04660-JMC, ECF No. 20 (D.S.C. May 19, 2016); Snyder v. SCE&G, C/A No. 3:15-cv-04926-JMC, ECF No. 17 (D.S.C. May 19, 2016); Dennis v. SCE&G, C/A No. 3:16-cv-01142-JMC, ECF No. 8 (D.S.C. May 19, 2016).  The Clerk will enter a notice advising the parties how to designate future filings in the Flood Cases.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

June 9, 2016
Columbia, South Carolina