# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Sharon Funderburk and<br>Thomas Funderburk<br><br>                           Plaintiff,<br><br>vs.<br><br>South Carolina Electric & Gas<br>Company, the County of Lexington, SC, and<br>CSX Transportation, Inc.,<br><br>                           Defendants. | Federal C/A No.: 3:15-4660 - JMC<br>*Removed from*<br>*S.C. C/A No.: 2015-CP-32-03607*<br><br>**AMENDED COMPLAINT** |

Plaintiffs above-named Complaining of the Defendant herein allege that:

<u>PARTIES AND JURISDICTION</u>

1.     Plaintiffs are residents and citizens of Lexington County, South Carolina.

2.     Defendant South Carolina Electric and Gas Company ("SCE&G") is a South Carolina corporation and does business in Lexington County, South Carolina.

3.     Defendant SCE&G has offices for the transaction of its business located in Lexington County, South Carolina and the subject of this action is located in Lexington County, South Carolina.

4.     Defendant SCE&G is a public utility and generates electric power which it sells to the general public.

5.     Lexington County is a county located in the United States in the state of South Carolina with its county seat in Lexington, South Carolina.

6.     The Defendant, CSX Transportation, Inc., ("CSX") is a common carrier doing business in South Carolina.

7. Defendant CSX has offices for the transaction of its businesses located in Lexington County, South Carolina and the subject of this action is located in Lexington County, South Carolina.

8. This Court has jurisdiction over the parties hereto and the subject matter herein and venue is proper in this District and division.

FOR A FIRST CAUSE OF ACTION
(Negligence against SCE&G)

9. As part of its electrical business, Defendant SCE&G generates hydroelectric power through a large body of water known as Lake Murray.

10. Defendant SCE&G operates Lake Murray and its affiliated dams under a license and pursuant to governmental regulations.

11. Defendant SCE&G is charged with the responsibility of lake management and has the responsibility to provide control of the lake so as to benefit the general public as well as the Defendant's customers.

12. Defendant SCE&G has the power of eminent domain and condemnation which it is allowed to utilize pursuant to its electric power generating business.

13. Plaintiffs' home is located on Wilton Hill Road in the Coldstream subdivision. Plaintiffs occupied the home as their primary residence.

14. In October of 2015, Defendant SCE&G maintained Lake Murray at a very high level which was almost "full pool". Lake levels were at approximately 359 feet of elevation when full pool is 360 feet of elevation.

15. In October of 2015, weather forecasts predicted historic levels of rain for the Midlands of South Carolina. Weather prognosticators indicated the rain event would be at historic levels and that precautions should be taken by residents and businesses in the area.

16. Notwithstanding the warnings which were known or should have been known by the Defendant SCE&G, lake levels were maintained at extraordinarily high levels and little or nothing was done to bring down the level of the lake in anticipation of high water levels from the forecasted rain.

17. In October of 2015, it did begin to rain in the Midlands of South Carolina and in areas above Lake Murray. Notwithstanding the rain, the Defendant SCE&G did little or nothing to bring down the lake levels.

18. As the rain continued, the flood gates of Lake Greenwood were opened and still Defendant SCE&G did nothing.

19. Eventually, the water levels rose so fast and so strong Defendant SCE&G recognized water needed to be taken out of Lake Murray.

20. Instead of opening one or two flood gates, Defendant SCE&G opened at least three flood gates which had not been done since the year 1939.

21. In opening these flood gates, Defendant SCE&G knew or should have known the volume of water being released was such as it was reasonably anticipated that the Coldstream subdivision and other areas would sustain major flooding.

22. When the flood gates were opened, Defendant SCE&G did little or nothing to warn downstream residents of the flood the Defendant was creating.

23. The rain itself if allowed to flow freely and not being subject to a dam would have followed the riverbed in a normal fashion and would not have flooded the Plaintiffs' home or the homes lying within the Coldstream subdivision.

24. What actually caused the flood was the impounding of large amounts of water and the opening of these flood gates which diverted huge amounts of water in a concentrated fashion.

The water was directed directly towards the Plaintiffs' home as well as the home of the Plaintiffs' neighbors.

25. As a direct and proximate result of the opening of these flood gates, there was a rapid rise in water levels downstream and Plaintiffs' home flooded resulting in a complete destruction of their home and their personal property.

26. Additionally, the opening of the flood gates created such a concentrated amount of flood water that the Plaintiffs were in fear for their lives and were placed in great peril.

27. The opening of the flood gates combined with the lack of warning created an emergency situation and gave the Plaintiffs no time at all to remove themselves or their personal property from the endangered home.

28. The flood waters created by the opening of all these flood gates ripped through the Plaintiffs' home and property causing a destruction of the real estate and causing a destruction of almost all of the Plaintiffs' personal property. Plaintiffs were rendered homeless following the unnecessary deluge created by Defendant SCE&G.

29. Defendant SCE&G was negligent and reckless in one or more of the following particulars:

      a. in failing to properly maintain water levels;

      b. in failing to properly check water levels;

      c. in failing to properly lower water levels in the face of impending rain;

      d. in failing to warn;

      e. in failing to properly maintain the lake;

      f. in failing to properly manage the lake;

      g. in failing to properly anticipate water levels;

  h. in failing to comply with applicable regulations;

  i. in failing to comply with generally accepted lake management standards;

  j. in opening three flood gates at one time when such opening was not or would have not been necessary if proper management practices had been followed;

  k. in failing to properly train and supervise dam operations personnel; and

  l. in overacting once Defendant learned it had not properly managed the lake.

All of which were a direct and proximate cause of the injuries or damages sustained by the Plaintiffs.

30. As a direct and proximate result of the aforementioned acts of negligence and recklessness on the part of Defendant SCE&G, the Plaintiffs' home and property have been destroyed; the Plaintiffs' property has been severely devalued; the Plaintiffs' property has been permanently stigmatized; the Plaintiffs have had to move and have incurred additional living expenses; the Plaintiffs have suffered great shock and emotional distress; the Plaintiffs have been placed in fear for their lives; the Plaintiffs' lives have been totally disrupted; the Plaintiffs will have to expend large sums of money to repair and replace their personal property and vehicles; and the Plaintiffs have been otherwise damaged all to their damage both actual and punitive.

31. Plaintiffs are entitled to judgment against Defendant SCE&G for actual and punitive damages.

FOR A FIRST CAUSE OF ACTION
(Negligence against County of Lexington)

32. Plaintiffs hereby reassert and reallege each and every allegation set forth above as fully as if set forth verbatim.

33. Defendant County of Lexington owned, controlled, operated, maintained, and/or managed the pipe and drain system located on/adjacent to/near Plaintiffs' property.

34. Defendant County of Lexington owed a duty to Plaintiffs, and others living nearby, to properly construct, maintain, monitor, operate, warn, and/or otherwise safely manage the pipe and drain system to ensure the safety of those who may foreseeably fall victim to its potentially backing up with water from the nearby river and creek.

35. Plaintiffs' residence and other property sustained severe damage the day of, and in the days following, Defendant SCE&G's sudden release of water from Lake Murray, which allowed an enormous amount of muddy water to flow into the Lower Saluda River and up into and through the pipe and drain system installed on/adjacent to/near Plaintiffs' property and which did not properly allow for the proper drainage of other water.

36. The damage to Plaintiffs' residence and property was foreseeable and directly and proximately caused by the sudden release of water from Defendant SCE&G's dam and Defendant County of Lexington's failure to properly construct, maintain, monitor, operate, warn, and/or otherwise safely manage the pipe and drain system located on/adjacent to/near Plaintiff's property in a reasonable manner.

37. As a direct and proximate result of Defendant County of Lexington's negligence, Plaintiffs are entitled to a judgement for actual damages.

FOR A FIRST CAUSE OF ACTION<br>(Negligence against CSX)

38. Plaintiffs hereby reassert and reallege each and every allegation set forth above as fully as if set forth verbatim.

39. Defendant CSX owned, controlled, operated, maintained, and/or managed a culvert and drain underneath their railroad tracks located through the subdivision where Plaintiffs reside.

40. Defendant CSX owed a duty to Plaintiffs, and others living nearby, to properly construct, maintain, monitor, operate, warn, and/or otherwise safely manage the pipe and drain

system to ensure the safety of those who may foreseeably fall victim to its potentially backing up with water from the nearby river and creek.

41. The damage to Plaintiffs' residence and property was foreseeable and directly and proximately caused by the sudden release of water from Defendant SCE&G's dam, Defendant Lexington County's failure's set forth above and Defendant CSX's failure to properly construct, maintain, monitor, operate, warn, and/or otherwise safely manage the culvert and drain.

42. As a result of Defendant CSX's negligence, Plaintiffs seek actual damages according to proof presented at trial; punitive damages as determined by the trier of fact; pre-judgment interest; attorneys' fees and costs; & such other and further relief as this Court deems just and proper.

FOR A SECOND CAUSE OF ACTION
(Inverse Condemnation against SCE&G)

43. Plaintiffs hereby reassert and reallege each and every allegation set forth above as fully as if set forth verbatim.

44. Once Defendant SCE&G realized it had created an emergency condition by not having acted in anticipation of high water levels, the Defendant made a decision to open all three flood gates knowing it would destroy property of third persons.

45. Defendant SCE&G does not have an easement to flood the Plaintiffs' property and the actions taken by the Defendant to open all three flood gates were taken knowing the consequences which would follow.

46. Defendant SCE&G decided to destroy the property of the Plaintiffs and their neighbors and intentionally opened all three flood gates understanding the havoc which would be created by such opening.

47. Defendant SCE&G has inversely condemned the Plaintiffs' property.

48. Pursuant to the Eminent Domain laws of the State of South Carolina, Plaintiffs are entitled to their actual damages plus attorney's fees and costs.

49. As a direct and proximate result of the aforementioned inverse condemnation, the Plaintiffs have sustained the damages set forth above and Plaintiffs are entitled to actual damages plus attorney's fees and costs.

## FOR A SECOND CAUSE OF ACTION
(Inverse Condemnation against County of Lexington)

50. Plaintiffs hereby reassert and reallege each and every allegation set forth above as fully as if set forth verbatim.

51. Through its use, negligent construction and/or lack of maintenance of the pipe and drain system on Plaintiffs' property, as described above, Defendant County of Lexington has effectively taken Plaintiffs' property by allowing the water to back up from the neighboring creek through the pipe and drain system and onto Plaintiffs' property.

52. Defendant County of Lexington has made no attempt to take the property through a formal exercise of eminent domain.

53. Plaintiffs have received no just compensation for the land taken.

54. The unlawful seizure of Plaintiffs' property by the County violates the Fifth Amendment of the United States Constitution.

55. Pursuant to the Eminent Domain laws of the State of South Carolina, Plaintiffs are entitled to their actual damages plus attorney's fees and costs.

56. As a direct and proximate result of the aforementioned inverse condemnation, the Plaintiffs have sustained the damages set forth above and Plaintiffs are entitled to actual damages plus attorney's fees and costs.

## FOR A SECOND CAUSE OF ACTION
(Inverse Condemnation against CSX)

57. Plaintiffs hereby reassert and reallege each and every allegation set forth above as fully as if set forth verbatim.

58. Through its use, negligent construction and/or lack of maintenance of the culvert and drain system under its track, as described above, Defendant CSX has effectively taken Plaintiffs' property by allowing the water to back up from the neighboring creek through the culvert and drain system and onto Plaintiffs' property.

59. Defendant CSX has made no attempt to take the property through a formal exercise of eminent domain.

60. Plaintiffs have received no just compensation for the land taken.

61. The unlawful seizure of Plaintiffs' property by Defendant CSX violates the Fifth Amendment of the United States Constitution.

62. Pursuant to the Eminent Domain laws of the State of South Carolina, Plaintiffs are entitled to their actual damages plus attorney's fees and costs.

63. As a direct and proximate result of the aforementioned inverse condemnation, the Plaintiffs have sustained the damages set forth above and Plaintiffs are entitled to actual damages plus attorney's fees and costs.

## FOR A THIRD CAUSE OF ACTION
(Trespass against SCE&G)

64. Plaintiffs hereby reassert and reallege each and every allegation set forth above as fully as if set forth verbatim.

65. Under South Carolina law, water is a common enemy. Defendant SCE&G certainly had every right to treat water as a common enemy. Defendant SCE&G did not have a right to concentrate water and to direct it in a concentrated fashion towards others.

66. By operating the waters of Lake Murray, Defendant SCE&G has created a dam wherein water has been concentrated.

67. By opening all three flood gates, Defendant SCE&G has intentionally directed water in great quantity and with great force towards the property of the Plaintiffs and towards the property of Plaintiffs' neighbors.

68. The concentration and diversion of water in great quantities has violated the Plaintiffs' property rights. Defendant SCE&G did not have the right to direct water in great concentration onto Plaintiffs' property as it did.

69. The conduct complained of herein amounts to a violation of the Plaintiffs' property rights and amounts to a trespass.

70. The conduct complained of herein has been intentional. Defendant SCE&G has intentionally directed flood waters onto the property of the Plaintiffs' home and the Defendant has caused the injuries or damages complained of herein.

71. Plaintiffs are entitled to actual and punitive damages.

<u>FOR A THIRD CAUSE OF ACTION</u>
(Trespass against County of Lexington)

72. Plaintiffs hereby reassert and reallege each and every allegation set forth above as fully as if set forth verbatim.

73. Under South Carolina law, water is a common enemy. Defendant County of Lexington certainly had every right to treat water as a common enemy. Defendant County of

Lexington did not have a right to concentrate water and to direct it in a concentrated fashion towards others.

74. Defendant County of Lexington's use and negligent construction, maintenance, and/or operation of the pipe and drain system on its easement, as described above, were unreasonable, unwarranted, and done with knowledge of the potential harm to Plaintiffs and their property.

75. Defendant County of Lexington's use, negligent construction and maintenance of the pipe and drain system on Plaintiffs' property, as described above, caused an invasion of the interest in the exclusive possession of land, as by entry upon it.

76. Defendant County of Lexington's use, negligent construction and maintenance of its property, as described above, caused substantial damage to Plaintiffs' property.

77. As a direct and proximate result of this trespass, Plaintiffs are entitled to a judgment for actual damages.

FOR A THIRD CAUSE OF ACTION
(Trespass against CSX)

78. Plaintiffs hereby reassert and reallege each and every allegation set forth above as fully as if set forth verbatim.

79. Under South Carolina law, water is a common enemy. Defendant CSX certainly had every right to treat water as a common enemy. Defendant CSX did not have a right to concentrate water and to direct it in a concentrated fashion towards others.

80. Defendant CSX's use and negligent construction, maintenance, and/or operation of the culvert and drain system on its easement, as described above, were unreasonable, unwarranted, and done with knowledge of the potential harm to Plaintiffs and their property.

81.     Defendant CSX's use, negligent construction and maintenance of the culvert and drain system, as described above, caused an invasion of the interest in the exclusive possession of land, as by entry upon it.

82.     Defendant CSX's use, negligent construction and maintenance of its property, as described above, caused substantial damage to Plaintiffs' property.

83.     As a direct and proximate result of this trespass, Plaintiffs are entitled to a judgment for actual and punitive damages.

## FOR A FOURTH CAUSE OF ACTION
(Strict Liability against SCE&G)

84.     Plaintiffs hereby reassert and reallege each and every allegation set forth above as fully as if set forth verbatim.

85.     Defendant SCE&G is responsible for maintaining and operating one of the largest earthen dams in the United States of America.

86.     As the operator and owner of the Lake Murray dam, Defendant SCE&G is strictly liable for any and all injuries caused by the dam for the Defendant's operation of the dam.

87.     The Plaintiffs have sustained the damages set forth above.

88.     Defendant SCE&G is strictly liable for the damages complained of herein.

89.     Plaintiffs are entitled to a judgment for actual and punitive damages.

## FOR A FOURTH CAUSE OF ACTION
(Strict Liability against County of Lexington)

90.     Plaintiffs hereby reassert and reallege each and every allegation set forth above as fully as if set forth verbatim.

91.     Defendant County of Lexington has responsibility for maintaining/operating the pipe and drain system on Plaintiffs' property in a properly functioning and safe manner.

92. The subject pipe and drain system was abnormally dangerous as it was improperly constructed, maintained, monitored, operated and/or otherwise managed to ensure the safety of those who may foreseeably fall victim to its potential failure.

93. Plaintiffs' home sustained severe damage the day of, and in the days following, the release of water from the Saluda Dam, which allowed an enormous amount of muddy water to flow into the Lower Saluda River and eventually into Plaintiffs' home and other property, as well as from the failure of the pipe and drain system to properly drain away other water.

94. The damage to Plaintiffs' home was foreseeable and directly and proximately caused by an improperly constructed, maintained, monitored, operated and/or otherwise managed pipe and drain system installed on/adjacent to/near Plaintiffs' property.

95. As a direct and proximate result of Defendant County of Lexington's failure to properly construct, maintain, monitor, operate and/or otherwise manage this abnormally dangerous pipe and drain system, Plaintiffs are entitled to a judgment for actual damages.

FOR A FOURTH CAUSE OF ACTION
(Strict Liability against CSX)

96. Plaintiffs hereby reassert and reallege each and every allegation set forth above as fully as if set forth verbatim.

97. Defendant CSX has responsibility for maintaining/operating the culvert and drain system under its tracks in a properly functioning and safe manner.

98. The subject culvert and drain system was abnormally dangerous as it was improperly constructed, maintained, monitored, operated and/or otherwise managed to ensure the safety of those who may foreseeably fall victim to its potential failure.

99. Plaintiffs' home sustained severe damage the day of, and in the days following, the release of water from the Saluda Dam, which allowed an enormous amount of muddy water

to flow into the Lower Saluda River, as well as other water, and eventually into Plaintiffs' home and other property.

100. The damage to Plaintiffs' home was foreseeable and directly and proximately caused by an improperly constructed, maintained, monitored, operated and/or otherwise managed culvert and drain system installed on/adjacent to/near Plaintiffs' property.

101. As a direct and proximate result of Defendant CSX's failure to properly construct, maintain, monitor, operate and/or otherwise manage this abnormally dangerous culvert and drain system, Plaintiffs are entitled to a judgment for actual and punitive damages.

### FOR A FIFTH CAUSE OF ACTION
(Nuisance against SCE&G)

102. Plaintiffs hereby reassert and reallege each and every allegation set forth above as fully as if set forth verbatim.

103. Defendant SCE&G's use and negligent construction, maintenance, and/or operation of the Saluda Dam, as described above, were unreasonable and unwarranted.

104. Defendant SCE&G's use and negligent construction, maintenance, and/or operation of the Saluda Dam, as described above, were unreasonable and unwarranted.

105. Defendant SCE&G's use, negligent construction and maintenance of its dam, as described above, caused a substantial and unreasonable interference with Plaintiffs' use and enjoyment of their property.

106. Defendant SCE&G's negligence, as described above, caused a substantial and unreasonable interference with Plaintiffs' use and enjoyment of their property.

107. Defendant SCE&G's use, negligent construction and maintenance of its property, as described above, caused substantial damage to Plaintiffs' property.

108. As a direct and proximate result of this nuisance, Plaintiffs are entitled to a judgment for actual and punitive damages.

FOR A FIFTH CAUSE OF ACTION
(Nuisance against County of Lexington)

109. Plaintiffs hereby reassert and reallege each and every allegation set forth above as fully as if set forth verbatim.

110. Defendant County of Lexington's use and negligent construction, maintenance, and/or operation of the pipe and drain system on its easement, as described above, were unreasonable and unwarranted.

111. Defendant County of Lexington's use, negligent construction and maintenance of the pipe and drain system on its easement, as described above, caused a substantial and unreasonable interference with Plaintiffs' use and enjoyment of their property.

112. Defendant County of Lexington's use, negligent construction and maintenance of its property, as described above, caused substantial damage to Plaintiffs' property.

113. As a direct and proximate result of this nuisance, Plaintiffs are entitled to a judgment for actual damages.

FOR A FIFTH CAUSE OF ACTION
(Nuisance against CSX)

114. Plaintiffs hereby reassert and reallege each and every allegation set forth above as fully as if set forth verbatim.

115. Defendant CSX's use and negligent construction, maintenance, and/or operation of the culvert and drain system on its easement, as described above, were unreasonable and unwarranted.

116. Defendant CSX's use, negligent construction and maintenance of the culvert and drain system as described above, caused a substantial and unreasonable interference with Plaintiffs' use and enjoyment of their property.

117. Defendant CSX's use, negligent construction and maintenance of its property, as described above, caused substantial damage to Plaintiffs' property.

118. As a direct and proximate result of this nuisance, Plaintiffs are entitled to a judgment for actual and punitive damages.

WHEREFORE, Plaintiffs pray for judgment against the Defendants for actual damages; for punitive damages, as appropriate; for reasonable attorney's fees and costs; and for such other and further relief as this Court might deem just and proper.

                         MOORE TAYLOR LAW FIRM, P.A.

                         BY: _s/ S. Jahue Moore_____
                            S. Jahue Moore (Fed. Id. 3120)
                            William H. Edwards (Fed. Id. 9304)
                            1700 Sunset Boulevard
                            P. O. Box 5709
                            West Columbia, SC  29171
                            (803) 796-9160

                         ATTORNEY FOR THE PLAINTIFFS

West Columbia, South Carolina
October 2, 2017