IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Sharon Funderburk and Thomas Funderburk, | Civil Case No.: 3:15-cv-04660-JMC |
| Plaintiffs, | |
| v. | **ORDER AND OPINION** |
| South Carolina Electric & Gas Company, The County of Lexington, SC, and CSX Transportation, Inc., | |
| Defendants. | |
| John P. Cantwell, | Civil Case No.: 3:15-cv-04694-JMC |
| Plaintiff, | |
| v. | |
| South Carolina Electric and Gas Company, The County of Lexington, SC, and CSX Transportation, Inc., | |
| Defendants. | |
| Robert Sherr and Kristi Sherr, | Civil Case No.: 3:15-cv-04695-JMC |
| Plaintiffs, | |
| v. | |
| South Carolina Electric and Gas Company, The County of Lexington, SC, and CSX Transportation, Inc., | |
| Defendants. | |
| Harry Crosby, | Civil Case No.: 3:15-cv-04877-JMC |
| Plaintiff, | |
| v. | |

1

| | |
|---|---|
| South Carolina Electric and Gas Company, ) | |
| The County of Lexington, SC, and ) | |
| CSX Transportation, Inc., ) | |
| ) | |
| Defendants. ) | |
| _____) | |
| Leonard Anderson and Karen Anderson, ) | Civil Case No: 3:15-cv-04887-JMC |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| South Carolina Electric and Gas Company, ) | |
| The County of Lexington, SC, and ) | |
| CSX Transportation, Inc., ) | |
| ) | |
| Defendants. ) | |
| _____) | |
| Carol Bausinger and Scott Bausinger, ) | Civil Case No.: 3:15-cv-04888-JMC |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| South Carolina Electric and Gas Company, ) | |
| The County of Lexington, SC, and ) | |
| CSX Transportation, Inc., ) | |
| ) | |
| Defendants. ) | |
| _____) | |
| Richard Miranda and Dorothy Miranda, ) | Civil Case No.: 3:15-cv-04892-JMC |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| South Carolina Electric and Gas Company, ) | |
| The County of Lexington, SC, and ) | |
| CSX Transportation, Inc., ) | |
| ) | |
| Defendants. ) | |
| _____) | |
| Calvin Nesbit and Jane Nesbit, ) | Civil Case No.: 3:15-cv-04893-JMC |
| ) | |
| Plaintiffs, ) | |
| ) | |

| | |
|---|---|
| v. ) | |
| ) | |
| South Carolina Electric and Gas Company, ) | |
| The County of Lexington, SC, and ) | |
| CSX Transportation, Inc., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |
| Harry A. Plexico, Jr. and Margaret S. Plexico, ) | Civil Case No.: 3:15-cv-04894-JMC |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| South Carolina Electric and Gas Company, ) | |
| The County of Lexington, SC, and ) | |
| CSX Transportation, Inc., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |
| Carlo J. Seigfried, ) | Civil Case No.: 3:15-cv-04896-JMC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| South Carolina Electric and Gas Company, ) | |
| The County of Lexington, SC, and ) | |
| CSX Transportation, Inc., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |
| Faron Warwick and Dana Warwick, ) | Civil Case No.: 3:15-cv-04897-JMC |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| South Carolina Electric and Gas Company, ) | |
| The County of Lexington, SC, and ) | |
| CSX Transportation, Inc., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |
| Jeanne West, ) | Civil Case No.: 3:15-cv-04898-JMC |
| ) | |

|  |  |  |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| South Carolina Electric and Gas Company, | ) | |
| The County of Lexington, SC, and | ) | |
| CSX Transportation, Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| Warren Boyeson and Christine M. Boyeson, | ) | Civil Case No.: 3:15-cv-04920-JMC |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| South Carolina Electric and Gas Company, | ) | |
| The County of Lexington, SC, and | ) | |
| CSX Transportation, Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| Karl Hagenmeyer and Willette Hagenmeyer, | ) | Civil Case No.: 3:15-cv-04922-JMC |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| South Carolina Electric and Gas Company, | ) | |
| The County of Lexington, SC, and | ) | |
| CSX Transportation, Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| Lucas J. Snyder and Lesley M. Snyder, | ) | Civil Case No.: 3:15-cv-04926-JMC |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| South Carolina Electric and Gas and | ) | |
| The County of Lexington, South | ) | |
| Carolina, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

| | |
|---|---|
| Demario Benjamin and Kerochedia Amaker,                    )  | Civil Case No.: 3:16-cv-01141-JMC |
| )  | |
| Plaintiffs,                    )  | |
| )  | |
| v.                    )  | |
| )  | |
| South Carolina Electric and Gas Company,                    )  | |
| The County of Lexington, SC, and                    )  | |
| CSX Transportation, Inc.,                    )  | |
| )  | |
| Defendants.                    )  | |
| )  | |
| Ann Dennis,                    )  | Civil Case No.: 3:16-cv-01142-JMC |
| )  | |
| Plaintiff,                    )  | |
| )  | |
| v.                    )  | |
| )  | |
| South Carolina Electric and Gas Company,                    )  | |
| The County of Lexington, SC, and                    )  | |
| CSX Transportation, Inc.,                    )  | |
| )  | |
| Defendants.                    )  | |
| )  | |
| Richard Green,                    )  | Civil Case No.: 3:16-cv-01143-JMC |
| )  | |
| Plaintiff,                    )  | |
| )  | |
| v.                    )  | |
| )  | |
| South Carolina Electric and Gas Company,                    )  | |
| The County of Lexington, SC, and                    )  | |
| CSX Transportation, Inc.,                    )  | |
| )  | |
| Defendants.                    )  | |
| )  | |

Plaintiffs filed these now consolidated actions seeking monetary compensation from Defendants South Carolina Electric and Gas Company ("SCE&G"), The County of Lexington, SC ("Lexington County), and CSX Transportation, Inc. ("CSX") for the damage caused to their homes by flood water released from Lake Murray Reservoir in October 2015.

This matter is before the court pursuant to Plaintiffs' Motions to Remand their cases to the Lexington County (South Carolina) Court of Common Pleas. (3:15-cv-04660-JMC, ECF No. 171; 3:15-cv-04694-JMC, ECF No. 155; 3:15-cv-04695-JMC, ECF No. 154; 3:15-cv-04877-JMC, ECF No. 154; 3:15-cv-04887-JMC, ECF No. 155; 3:15-cv-04888-JMC, ECF No. 153; 3:15-cv-04892-JMC, ECF No. 154; 3:15-cv-04893-JMC, ECF No. 153; 3:15-cv-04894-JMC, ECF No. 153; 3:15-cv-04896-JMC, ECF No. 153; 3:15-cv-04897-JMC, ECF No. 154; 3:15-cv-04898-JMC, ECF No. 154; 3:15-cv-04920-JMC, ECF No. 156; 3:15-cv-04922-JMC, ECF No. 155; 3:15-cv-04926-JMC, ECF No. 132; 3:16-cv-01141-JMC, ECF No. 149; 3:16-cv-01142-JMC, ECF No. 158; 3:16-cv-01143-JMC, ECF No. 149.[1]) Defendants Lexington County and CSX oppose the Motions to Remand and ask the court to retain jurisdiction. (3:15-cv-04660-JMC, ECF Nos. 184, 187.) For the reasons set forth below, the court **DENIES** Plaintiffs' Motions to Remand.

## I.  RELEVANT BACKGROUND OF PENDING MOTIONS

On or about April 15, 2016, the court entered an Order denying Plaintiffs' earlier-filed Motions to Remand. (3:15-cv-04660-JMC, ECF No. 17.) In the April 15, 2016 Order, the court made the following observations in affirming that it possessed subject matter jurisdiction over Plaintiffs' claims:

> Plaintiffs have not identified any source for the duty of care owed by SCE&G to properly manage and operate the Lake Murray Dam other than a "license" and "governmental regulations." However, under the artful pleading doctrine, a plaintiff may not defeat removal by omitting necessary federal questions. *Franchise Tax Bd.*, 463 U.S. at 22. In this case, Plaintiffs' attempt to avoid reference to federal law through artful pleading is not compelling since the FERC "set[s] the appropriate duty of care for dam operators." *Simmons v. Sabine River Auth. La.*, 732 F.3d at 476–77 (citing 16 U.S.C. § 803(c) ("[T]he licensee . . . shall conform to such rules and regulations as the Commission may from time to time prescribe.")).

---

[1] The court observes that Plaintiffs filed the same substantive Motion in all the cases. Accordingly, the court will only cite hereinafter to documents filed in the lead *Funderburk* action.

> As a result, the court finds that the only currently ascertainable source of a duty of care for Plaintiffs' negligence claim against SCE&G for its maintenance and operation of the Lake Murray Dam stems from its status as a licensed FERC project, thereby subjecting SCE&G to the rules and regulations of the FPA and the FERC. *See* 16 U.S.C. § 797(e); *see also* 18 C.F.R. § 12.1. Therefore, in any assessment of the merits of Plaintiffs' claim for negligence regarding the maintenance and operation of the Lake Murray Dam, the terms of SCE&G's FERC license, in conjunction with the relevant laws, rules, and regulations provided by the FPA and the FERC, are federal issues necessarily raised in the claim.

(3:15-cv-04660-JMC, ECF No. 17 at 11.)

During the course of the litigation of these matters, Plaintiffs filed Second Amended Complaints on January 16, 2019, asserting individual claims of negligence, inverse condemnation, trespass, strict liability, and nuisance against SCE&G, CSX, and Lexington County. (3:15-cv-04660-JMC, ECF No. 132.) Then on May 30, 2019, the parties stipulated and/or consented "to the dismissal with prejudice of all claims" against SCE&G pursuant to Rule 41 of the Federal Rules of Civil Procedure. (3:15-cv-04660-JMC, ECF No. 159 at 1.) Thereafter, on June 6, 2019, Plaintiffs filed the instant Motions to Remand wherein they argue that the cases should be remanded because there is no federal subject matter jurisdiction over their claims against CSX and Lexington County. (3:15-cv-04660-JMC, ECF No. 171 at 4.) On June 12, 2019, Defendants filed opposition to Plaintiffs' Motions to Remand. (3:15-cv-04660-JMC, ECF Nos. 184, 187.)

The court considers the merits of Plaintiffs' Motion to Remand below.

## II. LEGAL STANDARD

A federal court should remand a previously removed case if federal jurisdiction is doubtful. *See, e.g., Mulchaey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994); *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993) (noting Congress's "clear intention to restrict removal and to resolve all doubts about the propriety of removal in favor of retained state court jurisdiction"). 28 U.S.C. § 1331 provides that federal district courts "have original

7

jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."
To determine whether an action presents a federal question under 28 U.S.C. § 1331, courts look to the allegations in the plaintiff's well-pleaded complaint to determine whether the action "arises under" federal law or the United States Constitution.[2] *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9–10 (1983). In cases where federal law creates the cause of action, the courts of the United States unquestionably have federal subject matter jurisdiction. *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808–09 (1986).

### III. ANALYSIS

A. The Parties' Arguments

*1. Plaintiffs*

In their Motions, Plaintiffs assert that "[t]he only basis for this [c]ourt's jurisdiction in this case arose out of the claims that were alleged against" SCE&G and it "has now been dismissed from this cause with prejudice." (3:15-cv-04660-JMC, ECF No. 171 at 4.) Plaintiffs further assert that the claims asserted against Lexington County and CSX are only state law claims and do not raise federal questions. (*Id.*) As a result, Plaintiffs argue that the court lacks subject matter jurisdiction and should remand the cases to the Lexington County Court of Common Pleas pursuant to the mandatory language of 28 U.S.C. § 1447(c). (3:15-cv-04660-JMC, ECF No. 171 at 4.)

---

[2] The well-pleaded complaint rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 391 (1987) (referencing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13 (1936)). However, "[o]n a motion to remand for lack of subject matter jurisdiction, the court may consider materials outside of the complaint including 'documents appended to a notice of removal or a motion to remand that convey information essential to the court's jurisdictional analysis' and may assume the truth of facts raised in the complaint that are non-jurisdictional." *BGC Partners Inc. v. Avison Young (Canada) Inc.*, No. 2:15-cv-02057-DCN, 2015 WL 7458593, at *1 n.2 (D.S.C. Nov. 24, 2015) (citation omitted).

*2. CSX*

CSX opposes the instant Motions to Remand arguing first that "Plaintiffs expressly allege a federal cause of action arising under the Takings Clause of the U.S. Constitution against both CSX[] and Lexington County." (3:15-cv-04660-JMC, ECF No. 187 at 9 (citing ECF No. 132 at 8 ¶ 54, 9 ¶ 61).) CSX further argues that "these claims provide a basis for federal jurisdiction [pursuant to 28 U.S.C. § 1331] independent of Plaintiffs' dismissed claims against SCE&G." (*Id.* (citing *Sansotta v. Town of Nags Head*, 724 F.3d 533, 545–47 (4th Cir. 2013)).) As a result, CSX asserts that "Plaintiffs' current pleadings explicitly allege federal law claims, and the Court has original jurisdiction over those federal claims." (*Id.* at 14 (citations omitted).)

CSX next argues that the court should deny Plaintiffs' Motions because the "principles of economy, convenience, fairness, and comity" warrant the exercise of supplemental jurisdiction and because Plaintiffs' requests for remand "amount to a manipulative tactic." (*Id.* (quoting *Miller v. Terramite Corp.*, 114 F. App'x 536, 540–41 (4th Cir. 2004); *Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 617 (4th Cir. 2001) (internal quotation marks omitted)).) As support for this argument, CSX specifies that "[m]ost of these cases have been pending in this [c]ourt since November 2015," the granting of "Plaintiffs' Motion would result in piecemeal litigation, with some of Plaintiffs' claims proceeding in state court, with others proceeding here, potentially leading to inefficiencies and inconsistent results," and this court is both capable of "apply[ing] the ample state law precedent demarcating the elements on the causes of action Plaintiffs allege" and prohibiting Plaintiffs from "manipulating the judicial process—taking advantage of this Court for more than three years and then abruptly using the dismissal of SCE&G as a basis for seeking to improve their position by avoiding a ruling on Defendants' pending motions, delaying trial, and obtaining a mulligan to start their cases anew in state court." (*Id.* at 17–21 (citations omitted).)

9

Finally, CSX argues that "Plaintiffs' contention that this [c]ourt must remand the remaining claims now that SCE&G has been dismissed is wrong" and not supported by the cases Plaintiffs cited. (*Id.* at 23 (citations omitted).)

   3. *Lexington County*

Lexington County opposes Plaintiffs' Motions arguing that they "overlook the fact that each and every one of the eighteen remaining Coldstream lawsuits raises a Constitutional claim against Lexington County." (3:15-cv-04660-JMC, ECF No. 184 at 6 (citing ECF No. 132 at 8 ¶ 54).) As a result of the foregoing, Lexington County asserts that the court in these actions has to "interpret the United States Constitution and determine whether the Defendants were in violation." (*Id.*) To this point, Lexington County specifies that "Plaintiffs' causes of action for Inverse Condemnation, which allege a violation of the 5th Amendment, raise significant federal issues and, as a result, there exists a federal question sufficient to grant subject matter jurisdiction under 28 U.S.C. § 1331." (*Id.* at 7.)

B.   The Court's Review

In the Second Amended Complaint, Plaintiffs assert claims for inverse condemnation against both CSX and Lexington County under the Takings Clause of the Fifth Amendment to the United States Constitution.[3] (*See* ECF No. 132 at 8 ¶ 54 ("The unlawful seizure of Plaintiffs'

---

[3] The court acknowledges that after filing their Motions to Remand, Plaintiffs attempted "to amend their Second Amended Complaint to change all references to the Fifth Amendment of the United States Constitution in the Inverse Condemnation cause of action to Article I Sec. 13 of the South Carolina Constitution and to remove the Inverse Condemnation cause of action in its entirety against Defendant CSX Transportation, Inc., such that Inverse Condemnation is only pending against Defendant the County of Lexington." (3:15-cv-04660-JMC, ECF No. 188.) However, the court denied those Motions without prejudice because Plaintiffs did not "articulate good cause for the late amendment of their pleadings." (*Id.* (citing *Wilson v. Jacobs*, C/A No. 0:14-4006-TMC, 2016 WL 690869, at *2 (D.S.C. Feb. 22, 2016) ("However, once a scheduling order has been entered and the time period to file amendments to the pleadings has expired, the party moving to

property by the County violates the Fifth Amendment of the United States Constitution."), 9 ¶ 61 ("The unlawful seizure of Plaintiffs' property by Defendant CSX violates the Fifth Amendment of the United States Constitution.")).) Without a doubt, Plaintiffs' right to relief pursuant to these inverse condemnation claims necessarily depends on the resolution of a substantial question of federal law. *E.g.*, *In re City of Detroit*, 524 B.R. 147, 268 (Bankr. E.D. Mich. 2014) ("The Takings Clause of the Fifth Amendment mandates that 'private property [shall not] be taken for public use, without just compensation.'" (quoting U.S. Const. amend. V.)). This is because a violation of the Fifth Amendment's protections needs to be found in order for liability to be imposed on CSX and/or Lexington County for these causes of action. *Id.* ("Thus, a Takings Clause violation is defined by two elements: (1) the public taking of private property, and (2) the subsequent denial of just compensation for that taking." (citing *Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 194 n.13 (1985))). Accordingly, the court finds that Plaintiffs are not entitled to remand because their inverse condemnation claims establish the court's federal question jurisdiction under § 1331. Additionally, because it has original jurisdiction over this action, the court further finds that it is appropriate to exercise supplemental jurisdiction over Plaintiffs' state law claims for negligence, trespass, strict liability, and nuisance against both CSX and Lexington County. 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action with such original jurisdiction that they form part of the same or controversy under Article III of the United States Constitution"); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966) (Supplemental jurisdiction allows parties to

---

amend must first satisfy Rule 16(b), which requires a movant to show 'good cause' for the amendment." (citing *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008)))).)

append state law claims over which federal courts would otherwise lack jurisdiction to federal claims, so long as "[t]he state and federal claims . . . derive from a common nucleus of operative fact."); *De La Rosa v. Reliable, Inc.*, 113 F. Supp. 3d 1135, (D.N.M. 2015) ("The court can then exercise supplemental jurisdiction over other claims and parties that 'form part of the same case or controversy under Article III, . . . .'") (citing § 1367 & *United Mine Workers*, 383 U.S. at 725).

## IV.    CONCLUSION

For the foregoing reasons, the court hereby **DENIES** Plaintiffs' Motions to Remand. (3:15-cv-04660-JMC, ECF No. 171; 3:15-cv-04694-JMC, ECF No. 155; 3:15-cv-04695-JMC, ECF No. 154; 3:15-cv-04877-JMC, ECF No. 154; 3:15-cv-04887-JMC, ECF No. 155; 3:15-cv-04888-JMC, ECF No. 153; 3:15-cv-04892-JMC, ECF No. 154; 3:15-cv-04893-JMC, ECF No. 153; 3:15-cv-04894-JMC, ECF No. 153; 3:15-cv-04896-JMC, ECF No. 153; 3:15-cv-04897-JMC, ECF No. 154; 3:15-cv-04898-JMC, ECF No. 154; 3:15-cv-04920-JMC, ECF No. 156; 3:15-cv-04922-JMC, ECF No. 155; 3:15-cv-04926-JMC, ECF No. 132; 3:16-cv-01141-JMC, ECF No. 149; 3:16-cv-01142-JMC, ECF No. 158; 3:16-cv-01143-JMC, ECF No. 149.)

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

June 14, 2019
Columbia, South Carolina